UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MUSSARAT BANO AND BASHIR RAHEE,<br><br>            Plaintiffs,<br><br>  -against-<br><br>UNITED STATES OF AMERICA; THE CITY OF NEW YORK; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES COMMISSIONER JESS DANNHAUSER, in his official capacity; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES CASEWORKER NICOLE RAMIREZ, in her individual and official capacity; LITTLE FLOWER CHILDREN AND FAMILY SERVICES CHIEF EXECUTIVE OFFICER CORINNE HAMMONS, in her official capacity; LITTLE FLOWER CHILDREN'S SERVICES CASE PLANNER RENEE HARTLEYSAMMS, in her individual capacity,<br><br>            Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 1:23-cv-4773 (FB) (MMH) |

*For the Plaintiff:*
JULIA HERNANDEZ
TAREK ZIAD ISMAIL
CUNY School of Law
2 Court Square
Long Island City, NY 11101

*For Defendant U.S.A.:*
MARIKA M. LYONS
U.S. Attorney's Office, E.D.N.Y.
271 Cadman Plaza East
Brooklyn, New York 11201

*For the N.Y.C. Defendants:*
DARIAN ALEXANDER
PHILIP S. FRANK
TONYA JENERETTE
New York City Law Department
100 Church Street
New York, New York 10007

**BLOCK, Senior District Judge:**

The United States moves for reconsideration of the Court's memorandum and order denying its motion to dismiss. For the reasons that follow, the United States's motion is DENIED.

The Court recounted the facts of this case at length in its previous memorandum and order. *Bano v. United States*, 788 F. Supp. 3d 408, 413–14 (E.D.N.Y. 2025). The Court assumes the parties are familiar with these facts and the parties have not notified the Court of any new developments. Accordingly, the Court will not restate a general background but will discuss facts relevant to its analysis as needed.

## I.

The government moves for reconsideration for three reasons: (1) the Court erred in concluding that the foreign country exception to the Federal Tort Claims Act ("FTCA") did not apply; (2) the Court erred in concluding that the due care exception to the FTCA did not apply; and (3) the court erred in concluding that plaintiffs had properly stated a claim for negligence and intentional infliction of emotional distress ("IIED").

Reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). The Second Circuit has explained that "Rule 59 is not a vehicle for relitigating old issues,

2

presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Instead, "a party may move for reconsideration and obtain relief only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013).

    a. <u>Foreign Country Exception</u>

Concerning its first ground for reconsideration, the government argues that the foreign country exception should apply because all the allegedly tortious conduct occurred in Pakistan. But the government fully argued this point in its motion to dismiss and at oral arguments. The Court concluded that the plaintiffs had plausibly alleged tortious acts in the United States and therefore the foreign country exception does not apply. *Bano*, 788 F.Supp.3d at 419. The government may disagree with this conclusion, but it fails to identify any legal basis for reconsideration, such as an intervening change in controlling law, new evidence, a clear error, or manifest injustice. Accordingly, the Court will not reconsider its conclusions as to the foreign country exception.

    b. <u>Due Care Exception</u>

3

Concerning its second ground for reconsideration, the government argues that the due care exception to the FTCA should apply because the government officials were following a course of action prescribed by statute or regulation when they committed the alleged torts. Although Plaintiffs may be correct that the government is essentially presenting their case under a new theory, the Court will nonetheless address the issue because it raises a question of the Court's subject matter jurisdiction. *Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S. Ct. 1197, 1202 (2011) ("Objections to subject-matter jurisdiction, however, may be raised at any time."). Doing so requires some factual background.

Plaintiffs' daughter F.B., a U.S. citizen, was in Pakistan when she reached out to U.S. consular officials requesting assistance returning to the United States, alleging that her family was abusing her and preventing her from returning to the United States. *Bano*, 788 F.Supp.3d at 413–14. She fled her family on June 23, 2020, and, with the help of consular officials, boarded a flight and arrived in the United States on June 26. *Id*. at 414. On June 29, the government informed the Plaintiffs that F.B. had left Pakistan and was safe. *Id*. at 415. Thus, for six days, Plaintiffs had no information about their daughter, and even after that point, they still did not know precisely where she was. On July 2, the government wrote to F.B., asking her to either send a message to her parents letting them know she was back in the United States and safe, or to sign a Privacy Act waiver permitting the

4

government to do so. *Id*. at 415. F.B. refused, wishing her parents to continue thinking she was in Pakistan. *Id*. It was not until July 20 that Plaintiffs learned from New York State police that F.B. was back in New York. *Id*.

28 U.S.C. § 2680(a) provides that the government's waiver of sovereign immunity under the FTCA does not apply to "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid[.]" This is known as the due care exception, and it is separate from the discretionary function exception which this Court considered and rejected in its prior Order. *Crumpton v. Stone*, 59 F.3d 1400, 1403 (D.C. Cir. 1995); *Bano*, 788 F.Supp.3d at 419. The Second Circuit has not announced a test for applying the due care exception, but district courts in this circuit have followed the test laid out by other circuits. *E.g. Clayton v. United States*, No. 18 CV 5867 (MKB)(LB), 2019 WL 9283977, at *12 (E.D.N.Y. Aug. 1, 2019), *report and recommendation adopted*, No. 18CV5867MKBLB, 2020 WL 1545542 (E.D.N.Y. Mar. 31, 2020).

> First, we determine whether the statute or regulation in question specifically pr[e]scribes a course of action for an officer to follow. Second, if a specific action is mandated, we inquire as to whether the officer exercised due care in following the dictates of that statute or regulation. If due care was exercised, sovereign immunity has not been waived.

*Welch v. United States*, 409 F.3d 646, 652 (4th Cir. 2005).

5

To satisfy the first part, the statute or regulation in question must require a certain course of conduct. *Id.* A showing of discretion defeats the due care exception (and is more properly analyzed under the discretionary function exception). *See id*. For example, in *Welch*, the Fourth Circuit concluded that the government officials in question "had no discretion in their actions" and that "[t]he decision . . . was statutorily required, thus satisfying the first requirement of the due care exception." *Id*. Concerning the due care requirement, the Second Circuit has explained that "due care implies at least some minimal concern for the rights of others." *Nwozuzu v. United States*, 712 F. App'x 31, 32 (2d Cir. 2017) (summary order).

The government contends that Plaintiffs seek liability for IIED and negligence based on the government's failure to disclose F.B.'s location, but the due care exception shields this conduct. The government specifically argues that the due care exception applies because 5 U.S.C. § 552a of the Privacy Act prohibited it from disclosing F.B.'s location without her permission, which she refused. Thus, the government argues it was following a prescribed course of conduct.

The government fails to satisfy the first part of the due care exception test because it has not established that the officials' course of conduct was required. Section 552a(b) provides that an agency shall not disclose any record without the

6

prior written consent of the individual to whom the record pertains. Section 552a(h), however, provides that "the parent of any minor . . . *may* act on behalf of the individual." (Emphasis added). The government acknowledges that section 552a(h) is "discretionary" and that "it was at least authorized, if not mandated, for the consular officers to withhold information." The Court agrees in part: the Privacy Act permitted it to withhold certain information concerning F.B., but it did not require this. Because section 552a(h) permits a parent to act on behalf of a minor for purposes of the Privacy Act, the government also would have been permitted to disclose certain information concerning F.B. to the Plaintiffs. Even if the government genuinely believed the Privacy Act barred it from informing the Plaintiffs of F.B.'s precise location, it did eventually inform the Plaintiffs that F.B. had left Pakistan and was safe. In doing so, the government concedes that it did not believe the Privacy Act prevented it from sharing any information whatsoever. In sum: the government had discretion to share information with the Plaintiffs and the Privacy Act did not mandate its course of action. Accordingly, the due care exception does not apply, and the Court need not consider whether the government acted with due care.

     c. <u>Failure to State a Claim</u>

For its final ground for reconsideration, the government contends that Plaintiffs have not stated a claim because the decision to not disclose F.B.'s

7

location cannot form the basis for a claim of negligence or IIED. The Court, however, addressed the government's arguments on this point in its prior Order denying its 12(b)(6) motion. The government fails to establish any legal basis for reconsideration and instead merely seeks to relitigate the merits of its 12(b)(6) motion. Accordingly, the Court denies the government's motion for reconsideration.

## II.

For the foregoing reasons, the United States's motion for reconsideration is DENIED.

**SO ORDERED.**

                                                       /S/ Frederic Block  
                                                     FREDERIC BLOCK  
                                                     Senior United States District Judge

Brooklyn, New York  
December 11, 2025